JOHN ALLEN *versus* DAVID B. DELANO.

Where a mare, being with foal, is sold on condition that she is to "remain the property of the vendor until paid for," the vendor continues to own the colt subsequently foaled, until performance of the condition.

ON EXCEPTIONS.

REPLEVIN for a colt. Writ dated October 2, 1865. Plea, general issue, with a brief statement denying title of the plaintiff and claiming property in the defendant.

The plaintiff introduced a writing signed by the defendant and duly stamped, of which the following is a copy:—

"Maysville, Sept. 19, 1864.

"For value received, I promise to pay John Allen or order, one hundred and sixty dollars and interest, one-third in one year, one-third in two years, and one-third in three years. The above note is given for a mare called the Smith mare, red color with white star in forehead, six years old last spring; and it is agreed that said mare shall remain the property of said Allen till paid for."

(Signed,)      "David B. Delano."

It was admitted that, at the date of the writing, the mare was with foal; that she foaled in April following; that that offspring is the colt replevied in this suit; and that the note is not paid.

Upon the foregoing testimony and admissions, the presiding Judge ruled that, under the writing, the plaintiff retained and had no property in the colt, and thereupon ordered a nonsuit. And the plaintiff alleged exceptions.

*Herrin,* for the plaintiff.

*Copeland,* for the defendant.

APPLETON, C. J. — The nonsuit must be set aside and the case stand for trial.

The plaintiff's title to the mare is not questioned. By

the terms of the contract no title vested in the conditional vendee.

The plaintiff, owning the mare, owned likewise the colt. " Of all tame and domestic animals, the brood belongs to the owner of the dam or mother ; the English law agreeing with the civil, that '*partus sequitur ventrem*,' in the brute creation, though, for the most part, in the human species it disallows that maxim." 2 Black. Com., 390. And so are all the authorities. Putting a mare to pasture in consideration of her services, does not entitle the bailee to her increase. *Allen* v. *Allen*, 2 Penn., 166. In case of a pledge, not only the thing pledged passes but also, as accessory, its natural increase, as, for instance, the young of a flock of sheep. Story on Bailments, § 292. Where live stock is mortgaged, its natural increase and produce becomes subject to the mortgage. *Forman* v. *Proctor*, 9 B. Mon., 124. The increase of domestic animals, gratuitously loaned, belongs to the lender. *Orser* v. *Storms*, 9 Cow., 687. Where a mare was sold on condition, the vendor continued to be the owner of her colts until performance of the condition. *Buckmaster* v. *Smith*, 22 Vermont, 203. The defendant, having no title to the mare, can have none to her increase.

*Exceptions sustained.*

CUTTING, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.