CHARLES A. EVERETT, administrator, *vs.* JOSEPH W. HALL.

Piscataquis. Decided January 3, 1878.

*Sale.*

Property, in the possession of a vendee who is not to become the owner of the title until he has fully paid for the same, may, at any time before the price is wholly paid, be mortgaged by the vendor to another person, and such person will acquire a title to the property thereby superior to that of the conditional vendee.

ON EXCEPTIONS.

TROVER for a shingle machine.

Verdict for the plaintiff for $226.10; and the defendant alleged exceptions.

*A. G. Lebroke,* with whom was *A. M. Robinson,* for the defendant.

*C. A. Everett,* for the plaintiff.

PETERS, J.   One Pearson purchased a shingle machine, giving the seller a note therefor and a mortgage on the machine to secure the same.   The plaintiff is the assignee of the note and mortgage.   On the day of the purchase, before the mortgage was recorded, Pearson sold the machine to the defendant under an agreement that the title should remain in Pearson until the machine was paid for, the defendant taking and keeping posses- sion.   In a few days thereafter the mortgage was recorded, before which something was paid towards the machine by the defendant, and he had fully paid Pearson therefor when this action of trover was instituted to recover its value.   On the trial it was ruled, we think correctly, that the title to the machine was in the plaintiff, and that he could recover its full value.   The mortgage became effectual to pass the title as soon as it was recorded.

Whether the defendant would have any lien for advances made before the mortgage was recorded, in a court of equity, would depend upon facts and circumstances the weight of which we cannot now determine.   *Foss* v. *Haynes,* 31 Maine, 81.   *Bragg* v. *Paulk,* 42 Maine, 502.

At law, the defendant has no title.   It is not material that pay- ments were made towards a title before the title of the plaintiff attached, as long as the payments were not in full.   It matters not how near the defendant came to the title, falling short of it. There is no more logic in holding that the defendant got a title when the last dollar only of the consideration was unpaid, than when the first dollar only was paid.   Shepard's Touchstone says: " It is a general rule, that when a man hath a thing he may con- dition with it as he will.   The condition doth always attend and wait upon the estate or thing whereto it is annexed."   The trans- action was not strictly a sale, but rather a contract for a sale. The condition unperformed stood in the way of the defendant's title when the plaintiff's title accrued.   Property situated as this was could not be attached as the property of the conditional

vendee, nor could he sell it. If it could not be sold by the vendor nor attached as his, it could neither be sold nor attached at all. To admit exceptions to the common law rule upon this subject, subverts the rule altogether.

The authorities in this state bear out the doctrine asserted by us, fully. *Tibbetts* v. *Towle*, 12 Maine, 341. *Leighton* v. *Stevens*, 19 Maine, 154. *Sawyer* v. *Fisher*, 32 Maine, 28. *Brown* v. *Haynes*, 52 Maine, 578, carries the principle in its practical application further than perhaps any previous case. There one-half the purchase money had been paid by the purchaser, and the seller was allowed to recover the full value of the property of a third person, who had bought it of the conditional vendee in good faith and for value received. The same view is taken by several New England courts, while the doctrine of the New York court is the other way. *Coggill* v. *H. & N. H. R. R. Co.* 3 Gray, 545. *Porter* v. *Pettengill*, 12 N. H. 299. *Davis* v. *Bradley*, 24 Vt. 55. *Smith* v. *Lynes*, 1 Seld. 41. 1 Parsons Con. 537; and note. No other questions which can be considered as raised under such a generality of exceptions as is presented in the case, require discussion.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.