JOHN W. CLARK *v.* G. L. HAYWARD AND D. K. BURNHAM.

*Increase of Animals Conditionally Sold.     Sts.* 1870, *No.* 63.
*Estoppel.     Joinder of Parties.     Defendant.     Evidence.*

Where an animal is sold on condition that it shall remain the property of the vendor
until performance of certain agreements by the vendee, the title to such of the in-
crease of the animal as accrues before the performance of the condition will be in
the vendor; and, to protect the vendor therein against *bona fide* purchasers, it is
not necessary that such increase should be specified in the memorandum of lien
required by No. 63, Sts. 1870.

A colt of a mare so sold, foaled after expiration of the time limited for the perform-
ance of the condition, was attached by C., who had purchased the interest of the
conditional vendor, as the property of the conditional vendee, on a debt other than
the one secured by the lien, and taken from the possession of B., who had pur-
chased it of the conditional vendee. Afterwards C., learning of B's claim, with-
drew his attachment, and permitted B. to take the colt and keep it nearly two
years. *Held*, that as there was no evidence tending to show that B. was influenced
by C. in acquiring title, C. was not estopped from claiming title to the colt as
against B. and those acting under him; and that, in the absence of contract on that
behalf, B. had no lien on the colt for its keeping.

In trespass for the joint taking of a colt by two defendants, there was evidence tend-
ing to show that one of the defendants went with and by direction of one who
claimed to own the colt, to the pasture where it was kept, and took it to a neigh-
boring village, whence it was taken out of the State by the other defendant by
direction of the claimant; and that those acts were parts of "one piece of busi-
ness." *Held*, that there was evidence for the jury to show a joint taking.

TRESPASS for a colt.   Plea, the general issue, and trial by
jury, September Term, 1877, REDFIELD, J., presiding.

The declaration was as follows :

For that heretofore, to wit, on &c., at &c., the said D. K. Burn-
ham and G. L. Hayward, with force and arms, took and carried
away one two-years old colt, so called, the property of the plain-
tiff, then and there being found, and then and there converted the
same to his own use.

It appeared that on May 15, 1872, W. A. Boutelle sold a mare
and harness to J. M. Elkins on condition that they were to re-
main his until a note for $250 then given therefor had been
paid, with interest.   The note, which was to be paid in install-
ments of $100 on or before May 20, 1872, $100 on or before
November 20, 1872, and $50 on or before May 20, 1873, and

the memorandum of the condition which was thereto appended, were signed by J. M. and Hattie L. Elkins. The sum of $100 was indorsed on the note at the time of its execution, and the note and memorandum were then duly recorded in the town clerk's office in Montpelier, where the purchaser resided. In July, 1873, the mare, being in the possession of Elkins, foaled the colt in question, and on October 15, 1873, the Elkinses sold it to Charles F. Burnham. On November 4, 1873, the plaintiff bought said note of Boutelle together with his interest in the property for which it was given, Boutelle indorsing the note, and sued out a writ of attachment against Elkins on a judgment before then recovered against him, and on the next day caused the colt to be attached as his property. The colt was then in the keeping of one Pressy, in Chelsea, and was taken from his premises by the attaching officer and put into the possession of a keeper. Burnham then gave the officer written notice that the colt was his, and made demand therefor, whereupon the plaintiff withdrew his attachment, and the officer by the plaintiff's direction notified the keeper of the colt, and the colt went back into the keeping of. Pressy.

The evidence introduced by the defendants tended to show that at the time of the attachment Pressy was keeping the colt for Burnham, and that from the time the attachment was withdrawn to about the middle of August, 1875, the colt was kept at Burnham's expense and under his control ; that about the middle of August Elkins went to the pasture of Cabot, in Chelsea, where the colt was being kept for Burnham, took the colt and put it into the pasture of Tracy, in Chelsea ; that on or about August 20th Burnham paid Tracy for the keeping of the colt, went to the pasture with the defendant Hayward, and with Hayward's assistance took the colt to Chelsea village, whence, by Burnham's direction, it was taken in a day or two by defendant Burnham to North Chelmsford, Mass. The plaintiff testified that one of the defendants removed the colt and sent it to Massachusetts ; and C. F. Burnham testified that the taking of the colt from the pasture, and from Chelsea to North Chelmsford, was all one piece of business, and all done under his direction. There was no evidence or

claim of any other taking, and the plaintiff never acquired title to the colt otherwise than as herein stated, and never demanded nor took possession of the colt, Charles F. Burnham still retaining possession of it and claiming to own it.

The defendants claimed that the title in the colt when foaled was in the conditional vendee ; that the title of Boutelle was not so transferred to the plaintiff by said purchase and indorsement that he could maintain his action ; and that the attachment of the colt on a debt other than the one secured by the lien was a waiver of the lien ; but the court held otherwise on all those points ; to which the defendants excepted.

The defendants requested the court to charge that if the plaintiff on withdrawing his attachment permitted the colt to go into the possession of Burnham under a claim of ownership on Burnham's part, with knowledge of that claim, and suffered Burnham thereafter to incur expense in the care and keeping of the colt, supposing that his claim was acquiesced in and without notice from the plaintiff that he still claimed to own the colt, he was estopped from claiming title as against Burnham or those acting for him ; that if the plaintiff on withdrawing his attachment knew that the colt had gone into Burnham's possession under a claim of ownership on Burnham's part, and Burnham thereafter incurred expense in the care and keeping of the colt supposing that his claim was acquiesced in, and without notice from the plaintiff that he still claimed to own the colt, then Burnham had a lien on the colt for its keeping, and was entitled to possession of the colt until the keeping was paid or tendered to him, and that without such payment or tender the plaintiff could not maintain trespass against Burnham or those acting for him ; and that if the colt had never been demanded nor taken into possession under the lien, the plaintiff could not maintain trespass against Burnham, or those acting under him.    The court refused so to charge, but charged that if the plaintiff knew that Burnham asserted title to the colt to the officer who attached it, and afterwards settled the suit with Elkins and notified the officer that the attachment was withdrawn, he was not required to ascertain Burnham's title, to notify him not to be at expense for the keeping of the colt, and would not

be estopped, if his claim was otherwise legal. To the refusal to charge as requested, and to the charge given, the defendants excepted.

Verdict that the defendants were guilty as alleged, and for the plaintiff to recover $200.12 and costs. The defendants thereupon moved to set aside the verdict for that there was no evidence tending to show trespass by their joint act or acts, or any concert of design between them ; but the court overruled the motion, to which the defendants excepted.

*Fifield, Pitkin & Porter*, for the defendants.

The title to the colt was in the conditional vendee. No lien was reserved on the mare's increase. The law in force at the time the writing was executed was No. 63, Sts. 1870, the object of which was to give notice of encumbrance. The act should be so construed as *to give* notice. To extend the encumbrance to property not designated in the memorandum would be against the spirit of the statute. One who becomes entitled to the general use of an animal is the owner of its increase. 2 Kent Com. 361 ; *Putnam* v. *Wyley*, 8 Johns. 432 ; *Conklin* v. *Havens*, 12 Johns. 314 ; *Taylor* v. *Finley*, 48 Vt. 78. *Buckmaster* v. *Smith*, 22 Vt. 203, is distinguishable.

The rights required by the plaintiff were subject to the right of the conditional vendee to retain possession, and, in case of a demand, to pay the debt and retain the property. The plaintiff, therefore, having neither possession nor the right to immediate possession, could not maintain trespass. *Hurd* v. *Fleming*, 34 Vt. 169 ; *Skiff* v. *Solace*, 23 Vt. 279.

The plaintiff, by attaching the colt as the property of Elkins in an action on a debt other than the one secured by the lien, waived the lien. *Picquet* v. *McKay*, 2 Blackf. 465 ; *Swett* v. *Brown*, 5 Pick. 178 ; *Leg* v. *Willard*, 17 Pick. 140.

The refusal of the court to charge as requested was erroneous. REDFIELD, C. J., in *Strong* v. *Ellsworth*, 26 Vt. 373 ; *Montpelier & Wells River Railroad Co.* v. *Langdon*, 45 Vt. 137 ; Bigelow Estop. c. 19, *passim ;* *Cady* v. *Owen*, 34 Vt. 598 ; *Hall* v. *Fisher*,

9 Barb. 17 ; *Dodge* v. *Stacy*, 39 Vt. 558 ; *Chapman* v. *Chapman*, 59 Pa. St. 214.

The verdict should have been set aside.   2 Hilliard Torts, 297 ; *Myrick* v. *Downer*, 18 Vt. 360.

*Heath & Carleton* and *J. P. Lamson*, for the plaintiff.

The title to the colt was in the vendor of the mare.  *Buckmaster* v. *Smith*, 22 Vt. 203 ; *Allen* v. *Delano*, 55 Me. 113.

The plaintiff bought all of Boutelle's title, and could maintain trespass or trover for the cost.   *Burnell* v. *Marvin*, 44 Vt. 277.

The attachment of the colt as the property of Elkins on a debt other than the one secured by the lien was not a waiver of the lien.   *Child & Benton* v. *Allen*, 33 Vt. 476.

The refusal to charge as requested, and the charge given, were correct.   *Cummings* v. *Harris*, 3 Vt. 244 ; *Wills* v. *Barrister*, 36 Vt. 220 ; *Edwards* v. *Edwards*, 11 Vt. 587 ; *Swift* v. *Moseley*, 10 Vt. 208 ; *Hurd* v. *Fleming*, 34 Vt. 169.

The motion to set aside the verdict was properly overruled.

The opinion of the court was delivered by

Royce, J.   The defendants claimed that the title to the colt, which is the subject of controversy, was in the conditional vendee. The mare that foaled the colt was sold conditionally by W. A. Boutelle to J. M. Elkins.   By the contract the property in the mare was to remain in Boutelle subject to the right of Elkins to pay the sum agreed upon as the purchase money, and thus to become the owner.   The colt was foaled in July, 1873, after the time had elapsed in which the purchase-money was to be paid, and it had not been paid.   It is claimed under this state of facts that the title to the colt vested in the vendee at the time it was foaled.   The authorities relied upon in support of this claim have reference to the *hiring* of animals.   In 2 Kent Com., 361, it is said that if a person hires for a limited period a flock of sheep or cattle of the owner, the increase of the flock during the term belongs to the usufructuary, who is regarded as the temporary proprietor.   But on the same page, in treating of the acquisition of property by accession, it is defined to be the right to all

which one's own property produces, and instances the increase of animals as coming within that definition. In *Buckmaster* v. *Smith*, 22 Vt. 203, the facts, as far as they are material upon the question of title, were almost identical with the facts in this case, and it was there held that where the property conditionally sold was a mare, the vendor continued to be the owner of the colts brought forth by her until performance of the condition. That has ever since been regarded as a conclusive statement of the law applicable to the question of title between the vendor and conditional vendee to the increase of animals.

It is further claimed that, to protect the title to the colt in the vendor, as against a *bona fide* purchaser, the colt should have been named in the memorandum witnessing the lien required by No. 63, Sts. 1870. The colt was an accession to the mare upon which the lien was secured, and her progeny would legally follow and take the condition of the mother. The colt was not *in esse* at the time the contract was made; and that act did not abridge the rights of a conditional vendor as they existed previous to its passage, if the memorandum and record were made as required by it.

The plaintiff having acquired all the interest of Boutelle in the colt, it is now admitted that the suit is rightly brought in his name; and having the general property and right of possession, no demand was necessary before bringing the suit.

It is also claimed that the attachment of the colt by the plaintiff as the property of Elkins, and his withdrawal of the attachment after being informed that Charles F. Burnham, under whom the defendants acted, claimed to own the colt, and permitting Burnham to retain possession of him for such a length of time, and incur expense in his keeping, estops plaintiff from claiming title to him as against Burnham or the defendants. Burnham was not influenced by the conduct of the plaintiff in the acquisition of his title, and there was no evidence in the case to warrant the court in holding that there was an equitable estoppel. There was no error in the refusal of the court to charge that Burnham had a lien upon the colt for his keeping. Burnham could only have acquired such a lien by virtue of a contract, express or

implied; and there was no evidence tending to show any such contract.

The motion to set aside the verdict was properly overruled. There was evidence in the case tending to show that the defendants both participated in the taking and conversion of the colt, and it was the legal right of the plaintiff to have that evidence submitted to the jury.

*Judgment affirmed.*