COTTON W. BEAN, Respondent, *v.* ELIZABETH A. EDGE, as Administratrix, etc., Appellant.

B., who had leased a hotel in New Jersey of defendant's intestate, and who owned the furniture, leased the hotel and furniture for the unexpired term to E. for a sum specified in addition to the rent as it accrued under the lease to B. E. agreed to keep the furniture insured, and not to sell, remove, or permit the same to be removed; B. agreed that upon payment of the rent and performance of the covenants by E., he would, at the expiration of the term, sell and convey the furniture to E. In case of default on the part of E., B. was authorized to re-enter and take possession of, and to sell the furniture at auction, retaining out of the proceeds the amount of rent unpaid, paying over the surplus to E. B. subsequently transferred his interest in the lease to plaintiff, and assigned to him his interest in the furniture. Defendant's testator caused the furniture to be distrained for non-payment of rent under the statute of New Jersey, which authorizes a landlord to seize for rent in arrears, within six months after the same becomes due, the goods of his tenant on the demised premises, but not those of any other person, although in the possession of the tenant. In an action for conversion of the furniture, *held,* that the transaction between B. and E. as to said furniture was a conditional sale the title remaining in B. until performance by E.; that no such interest was transferred to E., as rendered the property subject to be distrained for rent due from him; and that the transfer from B. vested the title in plaintiff, and upon default made by E., he had a right to take possession.

(Argued March 7, 1881; decided March 15, 1881.)

APPEAL from judgment of the General Term of the Superior Court in the city of New York, entered upon an order made December 6, 1880, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover damages for the alleged taking and conversion of a quantity of furniture.

In March, 1857, George W. Edge, defendant's intestate, leased a hotel, situate in Jersey City, to one Moses Bean, for five years from May 1, 1857.

Bean entered into possession of the demised premises; he had in the hotel the furniture in question. On the 1st day of November, 1860, Bean let the hotel, and the

furniture in it, to one Henry G. Ely, from the 1st day of November, 1860, to May 1, 1862; Ely to pay as rent for the hotel and furniture $3,500; $500 on delivery of the lease; a note for $500, dated November 1, 1860, payable at two months, indorsed by Eleazur S. Ely; and five like notes, payable in six, nine, twelve, fifteen and eighteen months; and also to pay the rent, which from time to time was to become due, to Edge under Bean's lease from him. Ely was also to pay taxes, keep the furniture insured in Bean's name for $3,000, carefully to use it, and not sell, remove, or permit any to be removed, from the premises. The lease to Ely further provided that if Ely failed to pay Bean any of the rent reserved, or should make default in any of the covenants in the lease, then Bean or his representatives might re-enter upon the land and take the furniture " as of his former estate," excepting that the goods should be sold at auction and Bean should deduct the amount unpaid upon the notes and such rent as might be due to Edge, and the surplus, if any, should be paid to Ely. On November 27, 1860, said Bean, for value, transferred four of the Ely notes to plaintiff, and at the same time executed and delivered to him a written assignment of all his right, title and interest in and to the agreement with Ely, with authority to ask, demand, sue for, etc., "the money or goods and chattels that may be or become due thereon."

Ely failed to pay his notes which had been transferred to plaintiff. Whereupon plaintiff returned the notes to Bean, surrendered by writing and delivery the assignment of the Ely agreement, and received, May 8, 1861, a bill of sale, executed and acknowledged on that day by Bean, of the furniture, fixtures, etc. On April 14, 1862, defendant issued a warrant to a constable to distrain for $731.55, rent in arrears. On May 2, 1862, defendant issued another warrant to the same constable to distrain for $280.77, rent due. On May 3, 1862, plaintiff notified Edge, defendant's intestate, that the property in the house was his, and asked Edge to deliver it to him. Defendant refused to do so.

Further facts appear in the opinion.

*Hamilton Wallis* for appellant. The defendant was empowered by law to distrain the property in question for rent in arrears. (Dixon's Digest Laws of N. J. [4th ed.] 241, § 8.) This right exists, too, as between the original lessor, and a sub-tenant. (Id. 245, § 24.) Edge had a vested interest in the agreement; it was a security to Bean to protect him against his liability to Edge, of which Edge was entitled to the benefit. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Gurnsey* v. *Rogers*, 47 id. 233; *Simson* v. *Brown*, 68 id. 355.) Ely held the property, but the proceeds of its sale were to be used in paying the debts due, or to be due to Bean and Edge. (N. J. Court of Errors and Appeals; *Youngs* v. *Trustees of Public Schools*, 4 Stewart, 299; *Berley* v. *Taylor*, 5 Hill, 533; *Lawrence* v. *Fox*, 20 N. Y. 268; *Kelley* v. *Roberts*, 40 id. 432; *Lowrey* v. *Steward*, 25 id. 239.) Defendant had a right to distrain this furniture, situated as it was. (*Hoskins* v. *Paul*, 4 Halst. 110; *Francis* v. *Wyatt*, 3 Burr. 1498.) If a party induces another to act or refrain from acting upon apparent facts, the law will not permit him to show the existence of another state of facts to the injury of the one who has so acted. (*Voorhis* v. *Olmstead*, 66 N. Y. 113; affirming, 3 Hun, 744; *Contl. Bk.* v. *Bk. of Commonwealth*, 50 N. Y. 575.) But if not technically estopped, Edge was, in the largest sense, a creditor of both Moses H. Bean and Ely. As against him no transfer of the title to this personal property was good without a change of possession. (*Edwards* v. *Harben*, 2 Term R. 597; *Bissell* v. *Hopkins*, 3 Cow. 181; *Bogardus* v. *Trinity Church*, 4 Paige, 198.)

*Nathaniel C. Moak* for respondent. The transaction was a conditional sale of the furniture by Moses H. Bean to Ely, and the owner, upon default by the purchaser, may repossess himself of the goods, and if any one detained the property from him, even under a purchase from the vendee, he could recover of such wrong-doer. (*Cole* v. *Mann*, 62 N. Y. 1; *Ballard* v. *Burgett*, 40 id. 314; *Hasbrouck* v. *Lounsbury*, 26 id. 528; *Grant* v. *Skinner*, 21 Barb. 581; *Brewster* v. *Baker*, 20 id.

Opinion of the Court, per MILLER, J.

364 ; *Singer M. Co.* v. *Graham,* 8 Oregon, 19 ; *Knowlson* v. *Sprong,* 10 N. Y. Wkly. Dig 81, Gen. T., 3d Dept. ; *Guilford* v. *McKinley,* 61 Ga. 230 ; *Duke* v. *Schackleford,* 56 Miss. 552 ; *Sage* v. *Slenty,* 23 Ohio St. 1 ; *McMillan* v. *Larned,* 41 Mich. 521 ; *Everett* v. *Hall,* 67 Me. 497 ; *Buckmaster* v. *Smith,* 22 Vt. 203.)  Defendant was liable for converting the property.  (*Davis* v. *Barker,* 5 Den. 92 ; *Herring* v. *Hoppock,* 14 N. Y. 409, 412–413 ; *Ball* v. *Loomis,* 29 id. 412, 417 ; *Pozzoni* v. *Henderson,* 2 E. D. Smith, 146 ; *Anglehart* v. *Rathier,* 27 U. C. Com. Pl. 97, 99, 102 ; *Haseler* v. *Lemoyne,* 5 C. B. [N. S.] 530 ; *Hope* v. *White,* 22 U. C. Com. Pl. 5, 9–10 ; *Bonnell* v. *Dunn,* 28 L. J. 154 ; *Wintringham* v. *Lafoy,* 7 Cow. 735 ; *Judson* v. *Cooke,* 11 Barb. 642, 644 ; *Coats* v. *Darby,* 2 N. Y. 517 ; *Green* v. *Kennedy,* 46 Barb. 16 ; *Latimer* v. *Wheeler,* 3 Abb. App. Dec. 35, 42 ; *Boyer* v. *Brockway,* 31 N. Y. 490, 493 ; *Knapp* v. *Smith,* 27 id. 277, 280 ; *Stewart* v. *Wills,* 6 Barb. 79, 80–1 ; *Wintringham* v. *Lafoy,* 7 Cow. 735, 738 ; *Neff* v. *Thompson,* 8 Barb. 213 ; *Miller* v. *Baker,* 1 Metc. 27 ; *Woodside* v. *Adams,* 40 N. J. Law, 418, 430–1 ; *Farrar* v. *Chauffetete,* 5 Den. 527, 532 ; *Copley* v. *Rose,* 2 N. Y. 315, 117 ; *Connah* v. *Hale,* 23 Wend. 462, 466–7 ; *Fonda* v. *Van Horne,* 15 id. 631 ; *Ford* v. *Williams,* 24 N. Y. 359.)  It was competent for Ely, after the breach of the November agreement, to relinquish his claim under it, without the consent of the defendant.  (*Bedford* v. *Terhune,* 30 N. Y. 453 ; *Simpson* v. *Brown,* 68 id. 355 ; *Clark* v. *Dickinson,* 74 id. 47 ; *National, etc.* v. *Lodge,* 98 U. S. 123 ; *Hunt* v. *Strew,* 39 Mich. 363.)  The plaintiff being the owner of the claim at the commencement of this action the subsequent transfer of his interest was no defense to this action.  (Old Code, § 121 ; new Code, § 756 ; *Cuff* v *Dorland,* 7 Abb. N. C. 194 ; *Packard* v. *Wood,* 17 Abb. 318.)

MILLER, J.  The plaintiff's claim rests upon the title acquired from Moses H. Bean, who had leased certain real estate, to wit, a hotel situate in Jersey City, of the defendant's intestate, and was the owner of the furniture therein, for the value of

which a recovery was had in this action. Moses H. Bean leased the real estate for the unexpired term to one Ely, and also executed to him a lease thereof and an agreement in regard to the personal property, which gave him a right to use and to purchase it upon certain terms stated. If Ely performed all the conditions of the agreement at the end of the term, Bean also·agreed to sell him the furniture, and if not, he, Bean, was authorized to repossess himself of the same. An assignment or instrument made on the 27th day of November, 1860, transferred the interest of Moses H. Bean to the plaintiff, in consideration of certain notes of Ely, which had been passed to the plaintiff, and was made more specific by a bill of sale of May 8, 1862, by which the interest of Moses H. Bean in the furniture was passed to the plaintiff. The rights of the parties must be considered, having in view the agreement with Ely and the transfers referred to, which were made to the plaintiff. The effect of the transfers was, I think, to vest in the plaintiff a title to the furniture, and upon a default being made by Ely, plaintiff had a right to take possession of the same. (*Cole* v. *Mann*, 62 N. Y. 1.) Nor does the provision of the agreement in regard to a· re-entry and a sale, and the application of the proceeds to the payment of the notes and rents, transfer such a title to Ely as renders the property subject to Edge's claim for rents due and to become due, and it does not, we think, vest an interest in Edge for his benefit within the principles decided in *Lawrence* v. *Fox* (20 N. Y. 268), *Garnsey* v. *Rogers* (47. id. 233), *Simson* v. *Brown* (68 id. 355). The transaction as to the furniture was in effect a conditional sale of the same, and the title was not to pass until full payment therefor by Ely, and hence Edge had no right to insist upon payment of the rent due from the proceeds of the sale of the furniture. The original claim of plaintiff was acquired in November, 1862, and there was no rent distrained for by Edge, except what was said to be due in February, 1862. If this, as the defendant insists, includes some of the rent due on the first day of November, 1861, there were no arrears of rent until nearly a year after the original transfer to the plaint-

iff, and nearly six months after the bill of sale of the furniture of May 8, 1862. The title had certainly passed at the latter date, and the defendant's intestate had no claim for rent prior to the acquisition of an absolute title by the plaintiff, unless it can be upheld under the laws of New Jersey.

The statute of that State (Dixon's Digest of Laws, N. J. [4th ed.] p. 241, § 8) authorizes a landlord " to take and seize, as a distress for arrears for rent, any of the goods and chattels of his, her or their tenant or tenants, and not *of any person* or persons, although in possession of such tenant or tenants, which may be found on the demised premises," and also provides that "such distress must be made within six months after the same shall become due ; or when the rent is payable by installments, then within six months after the rent becomes due." The statute cited is very explicit as to the rights of persons owning property in possession of the tenant, and fully protects them from seizure for rent, and the decisions of the courts of that State are in accord with its obvious meaning. ( *Woodside* v. *Adams*, 40 N. J. Law, 417 ; *Allen* v. *Agnew*, 24 id. 443 ; *Hamilton* v. *Hamilton*, 25 id. 544.) The case of *Hoskins* v. *Paul* (4 Halst. 110) is relied upon as in conflict with the cases cited. Assuming that such is the fact, it is a sufficient answer to this position to say that the weight of authority is entirely adverse to the latter case and should control.

The claim of the defendant's counsel that the statute of New Jersey gives the landlord six months after the rent becomes due in which to make distraint, provided the property remains upon the demised premises, and, therefore, the rent in arrears on November 1, 1861, could be distrained for, upon any property then on the premises, is not well founded. The statute only limits the time, but does not in any form render property which has been sold before the warrant of distress has been issued liable to levy and sale.

The claim that the transaction was a scheme to defraud Edge presents a question of fact which is not reviewable upon this appeal.

There was no error in any of the rulings as to the admission of evidence, and there is no other question in the case which demands especial consideration.

The judgment was right and should be affirmed.

All concur, except RAPALLO, J., absent.

Judgment affirmed.