[No. 653. August 18, 1896.]

## W. A. MAXWELL, RECEIVER, PLAINTIFF IN ERROR, v. JAMES W. TUFTS, DEFENDANT IN ERROR.

CONDITIONAL SALE OF PERSONAL PROPERTY—TITLE—UNRECORDED CONTRACT—REPLEVIN.—A contract for the sale of personal property conditional upon the title remaining in the vendor until the payment of the purchase price, is not within the recording act of 1889 (Session Acts, 1889, ch. 73, sec. 1); and the vendor, out of whom the title to the property does not pass until the performance of the condition precedent, may maintain an action of replevin for its recovery as against the claim of an attaching creditor of the vendee, although the instrument be unrecorded.

ID.—TENDER—APPELLATE PRACTICE.—In such case, where a stipulation upon which the case was tried did not disclose whether or not plaintiff had tendered the return of the notes given for the deferred payments of the purchase money, the point that he could not maintain his action until he had done so, could not be raised, by the defendant and plaintiff in error, for the first time in the appellate court.

ERROR, from a judgment for plaintiff, to the Second Judicial District Court, Bernalillo County. Affirmed.

The facts are stated in the opinion of the court.

CHILDERS & DOBSON for plaintiff in error.

"Where the transaction between the parties is in reality and in its legal effect a contract of sale, conditional upon the payment of the purchase price in suc-

cessive installments, it can not be modified, nor its legal effects avoided by the fact that they speak of it as a 'lease' and call the installments 'rent.' " 3 Am. and Eng. Ency. Law, 426, and note 5. See, also, Hervey v. Locomotive Works, 93 U. S. 664, citing McCormack v. Hadden, 37 Ill. 370; Ketchum v. Watson, 24 Id. 591; Heryford v. Davis, 102 U. S. 255.

Where statutes have been adopted from foreign countries or other states, the decisions construing them are considered as part of the statutes as adopted. Coulam v. Doull, 133 U. S. 216; 23 Am. and Eng. Ency. Law, 433, and citations.

Such a contract gives a lien upon the property for the purchase money. Gregory v. Morris, 96 U. S. 619. See, also, Webber v. Safe & Lock Co., 29 Pac. Rep. 747; George v. Tufts, 5 Colo. 162.

JOHNSTON & FINICAL for defendant in error.

The distinction between a conditional sale and an absolute sale with a mortgage back to the vendor is well known and recognized in common law, and by the courts of last resort of this country. Harkness v. Russell, 118 U. S. 663; Land & C. Co. v. Motor Co., 12 S. Rep. (Ala.) 768; Iron Works v. Smith, 13 Id. 525; Iron Works v. Richardson, 18 S. W. Rep. (Ark.) 381; Dist. Co. v. Shannon, 29 Id. 147; Machine Works v. Long, 31 Atl. Rep. (N. H.) 20; Keck v. Cash Register Co., 39 N. E. Rep. (Ind.) 899; Dodd v. Bowles, 19 Pac. Rep. (Wash.) 156; De St. Germain v. Wind, 13 Id. 753; Petty Place v. Bridge & Mfg. Co., 61 N. W. Rep. (Mich.) 266; Tufts v. D'Arcambal, 48 Id. 497; Campbell Print. Press v. Malker, 1 S. Rep. (Fla.) 59; Fur Co. v. Cram, 28 Atl. Rep. (Conn.) 540; Mask v. Allen, 17 S. Rep. (Miss.) 82; Schneider v. Lee, 17 Pac. Rep. (Ore.) 269; Sanders v. Keeber, 28 Ohio St. 630; Stand. I. Co. v. Parlin, Pac. Rep. (Kan.) 360; Tufts v. Cleveland, 3 S. W. Rep. (Tex.) 288.

BANTZ, J.—This is an action in replevin, brought to recover possession of a soda fountain and apparatus. The cause was tried before the court without a jury, upon a stipulation as to the facts.    Burgess & Son gave their notes, and acquired the property from Tufts under what is usually described as a "conditional sale." The controlling clause is as follows:    "It is understood and agreed by and between us and the said James W. Tufts that the title to the above mentioned property does not pass to us, and that until all said notes are paid the title to the aforesaid property shall remain in the said James W. Tufts, who shall have the right, in case of nonpayment at maturity of either of said notes, without process of law to enter and retake immediate possession of the said property, wherever it may be, and remove the same."    The contract was not filed or recorded in the recorder's office.    The Bank of Commerce brought suit by attachment against Burgess & Son, and levied it upon the chattels in question. Eight of the installment notes having become due and remaining unpaid, Tufts, after demanding possession of the property, brought this action in replevin.    The court below found in favor of the plaintiff, and the defendant, Maxwell, who held as receiver in the attachment case, brought this case here by writ of error.

The question is as to whether the vendor of an unrecorded conditional sale of chattels has a superior title to an attaching creditor of the vendee. CONDITIONAL sale of personal property: title: unrecorded contract: replevin. It early became the settled law that a mortgage of chattels which were allowed to continue in the possession of the mortgagor did not thereby become fraudulent, as against the purchasers or creditors of the mortgagor. Unlike the absolute sales of chattels where the vendor remained in possession, there was nothing inconsistent in the possession of the mortgagor, with the defeasible title in the mortgagee, and therefore nothing implying

a secret use.   Twyne's Case, 1 Smith, Lead. Cas., and
notes; Edwards v. Harben, 1 Term R. 587; Conard v.
Insurance Co., Pet. 388, 449.   But the difficulty of
proving actual fraud, or the falsity of such secret trans-
actions, furnished a cover so convenient to fraud and
perjury that the legislatures quite generally provided
that such mortgages should be invalid, as against pur-
chasers and creditors, unless the mortgagee took pos-
session of the chattels, or recorded the mortgage in the
public registry of deeds.   These recording acts, requir-
ing chattel mortgages to be recorded, were held, how-
ever, not to apply to sales conditional upon the pay-
ment of the purchase price by the vendee.   In Rede-
will v. Gillen, 4 N. M. (Gil.) 72, this court passed
upon these general questions, and held that the con-
ditional sale of chattels did not fall within the act
then in force, requiring chattel mortgages to be filed
in the recorder's office, and that such vendor could
assert his rights against creditors or purchasers of the
vendee.   Since then the act of 1889 was passed, which
amended the old law so as to read as follows:   "All
chattel mortgages or other instruments of writing hav-
ing the effect of a mortgage or a lien upon personal prop-
erty shall be acknowledged by the owner or mortgagor
and recorded in the same manner as conveyances
affecting real estate."   Acts 1889, c. 73, sec. 1.   It was
contended by the plaintiff in error that the instrument
evidencing the transfer from Tufts to Burgess & Son
was an instrument "having the effect" of a "lien,"
within the meaning of this act.   Where, by the terms
of the contract, the title is to remain in the vendor
until the payment of the purchase price, something
more than a mere lien is reserved.   The title does not
pass out of him until the condition precedent has been
performed.   The transaction is not strictly a sale, but
a contract for a sale.   Everett v. Hall, 67 Me. 497; 1
Benj. Sales [4 Am. Ed.], sec. 366; Harkness v. Rus-

sell, 118 U. S. 663, 7 Sup. Ct. 51. Following this
view, it has been held that the vendor's title is subject
to execution (Everett v. Hall, 67 Me. 497); that the
increase which occurs pending the performance of the
conditions belongs to the vendor, though if the trans-
action were merely a pledge it would belong to the
pledgee (Allen v. Delano, 55 Me. 113; Clark v. Hay-
ward, 51 Vt. 14; Buckmaster v. Smith, 22 Vt. 203);
and that such property is not liable for rent to the
landlord of the vendee (Bean v. Edge, 84 N. Y. 510).
In some of the states, as in Missouri and Ohio, it has
been deemed necessary to provide by statute for the
protection of the vendee against forfeiture of such pay-
ments as have been made by him, when for subsequent
defaults the vendor asserts his right to retake posses-
sion.   These matters, however, are only mentioned by
way of illustration and do not enter into the decision
of this case.   In Colorado, following the Illinois deci-
sions, it has been held that the right of the vendor is
in the nature of a lien, within the meaning of a record-
ing act like ours.   But the force of these authorities
has been very greatly shaken by the recent case of
Harkness v. Russell, 118 U. S. 663, 7 Sup. Ct. 51.   In
Texas, where the statute is also like our own, it is held
not to apply to conditional sales.   Tufts v. Cleveland
3 S. W. Rep. (Tex. Sup.), 288.   See, also, Pettyplace
v. Groton Bridge, 61 N. W. Rep. (Mich.) 266; Tufts
v. D'Arcambal, 48 N. W. Rep. (Mich.) 497; Schneider
v. Lee, 17 Pac. Rep. (Or.) 269; Sanders v. Keber, 28
Ohio St. 630; Insurance Co. v. Parlin, 33 Pac. Rep.
(Kan. Sup.) 360; Tufts v. Thompson, 22 Mo. App.
564.   We are of the opinion that the vendor does not
hold a mere lien, where by the express terms of the
contract the title does not pass to the vendee until the
purchase price of the chattel is paid, and that such a
sale is not within the recording act above mentioned.

Upon the argument the plaintiff in error raised the

point that, before the plaintiff below could maintain his replevin, it was necessary for him to tender the return of the notes given for the deferred installments of the purchase money; citing Segrist v. Crabtree, 131 U. S. 287, 9 Sup. Ct. 687. But the case was tried below upon a stipulation which purported to contain a recital of "all the facts material or necessary to the determination" of the case, except as to the value of the property, and damages for its detention. The stipulation does not disclose whether the tender was made or not, and the point now seems to have been raised for the first time in this court at the argument. The assignment of error embraces two specific grounds, namely: (1) That the title passed to Burgess & Son; and (2) that the conditional sale was not recorded. The assignment of error does not include the question now raised, and it can not, therefore, be considered. The judgment must be affirmed.

HAMILTON and LAUGHLIN, JJ., concur.