353 P.2d 349

C. M. ALVORD and Nita Mary Alvord, Plaintiffs-Appellees,

v.

G. Wallace HESSELDEN and J. W. Hesselden, Defendants-Appellants.

No. 6668.

Supreme Court of New Mexico.

June 30, 1960.

124

Adams, Foley & Calkins, Albuquerque, for appellants.

Joseph T. Cole, Jr., Albuquerque, for appellees.

McGHEE, Chief Justice.

This appeal involves the following facts.

The defendants purchased from the plaintiffs a cleaning establishment for $8,500, paying $2,500, cash and the balance being. represented by a conventional conditional sales contract providing for payments of $150 per month which were later voluntarily reduced to $75 per month. All payments were made until a few months after the rent on the building which housed the equipment became delinquent and the landlord took possession of the property and sold it under a claimed landlord's lien.

After the defendants became delinquent in their payments the plaintiffs elected to exercise one of the options in the sales contract and declare the unpaid balance due, and brought suit for such sum, for which they were awarded judgment against J. W. Hesselden, the only defendant served with process.

The defendant says the plaintiffs may not have judgment for the unpaid conditional sales contract balance after he was deprived of the goods by appellees' creditor, the landlord, and intimating in the briefs the plaintiffs were in pari delecto with him.

While it is true that the lease contract on the building in which the business was operated provided the plaintiffs would be liable to the landlord for any rent the Hesseldens did not pay, we are unable to see where such a provision would destroy the rights given the plaintiffs in the conditional sales contract. It was the default of the defendant G. Wallace Hesselden which caused the landlord to act. This was for the benefit of the landlord not the defendants.

Also, we are unable to find any authority for the proposition that even though the landlord's actions may have been unlawful, that such acts would relieve the defendant of his obligation to the plaintiffs. Incidentally, the defendant has in a separate action recovered judgment against the landlord for the amount of the judgment against him in this case, and such is the subject of a separate appeal here.

The case before us boils down to this: The defendant was one of the purchasers of the equipment under a conditional sales contract; he defaulted in his payments and the plaintiffs, under an option in the contract, declared the unpaid balance due and recovered judgment therefor.

The cases cited by the appellant have been considered but they are not in point in this case.

The judgment will be affirmed, and

It is so ordered.

COMPTON, CARMODY, MOISE and CHAVEZ, JJ., concur.