356 P.2d 451

**J. W. HESSELDEN, Plaintiff-Appellee,**

**v.**

**Stephen KARMAN and Mary Karman, his wife, Defendants-Appellants.**

**No. 6669.**

Supreme Court of New Mexico.

Oct. 18, 1960.

Ertz & Beasley, Albuquerque, for appellants.

Adams, Foley & Calkins, Albuquerque, for appellee.

MOISE, Justice.

The question for decision is whether or not a lessor who forecloses his landlord's lien and sells property for non-payment of rent is guilty of wrongfully converting that property where it appears that the property was being purchased by the lessee and the plaintiff under a conditional sales contract from a vendor who had guaranteed the rent, the plaintiff not being a party to the lease.

The case is a companion case to and was consolidated for trial with Alvord v. Hesselden, 67 N.M. 123, 353 P.2d 349, decided June 30, 1960. In that case we held that one of the conditional vendees could not set up as a defense as against the conditional vendors, in a suit on the contract, the fact that he had been deprived of possession of the property by the landlord, the conditional vendors as well as two of the conditional vendees, other than defendant, being obligated to pay the rent under the terms of the lease.

The instant case asserts a right in J. W. Hesselden, plaintiff and appellee, who together with G. Wallace Hesselden and wife, signed the conditional sales contract as a purchaser of a cleaning plant and equipment from C. N. Alvord and Rita Mary Alvord, his wife. However, J. W. Hesselden did not sign the lease on the premises where the property was located. Upon the rent not being paid for several months either by G. Wallace Hesselden or the Alvords, the Karmans, the lessors, foreclosed their landlord's lien. Thereupon, the plaintiff herein discontinued making payments on the contract and upon being sued for the unpaid balance was held responsible to pay the same. Alvord v. Hesselden, supra. Plaintiff here claims the right to recover as damages the amount he was required to pay the Alvords claiming the defendant lessors in selling the property to satisfy the rent wrongfully converted the property to their own use. The trial court agreed with this position and entered judgment for the plaintiff and the defendants appeal.

We are convinced that the trial court erred. The lease between the defendants and G. Wallace Hesselden and wife bore a notation, "The terms of this lease are accepted by:" and was signed by the Alvords and contained the following provision:

"It is understood and agreed that the lessees are purchasing the business and the personal property located in the premises from C. M. Alvord and Nita Mary Alvord, his wife, under a conditional sales contract, which said contract provides that in the event of default in payment of any installment due under said conditional sales contract, or in the event of default in payment of any installment of the rent due under this lease agreement, that then and in said event C. M. Alvord and Nita Mary Alvord, his wife, shall have the right, but not the obligation, to retake possession of the business, as well as the personal property, either with or without process of law, and the lessors do herewith agree that in the event of nonpayment in rent by the lessees to the lessors, that the lessors shall grant unto C. M. Alvord and Nita Mary Alvord, his wife, said right, it being understood and agreed, however, that C. M. Alvord and Nita Mary Alvord, his wife, shall be responsible for the payment of rent in the event G. Wallace Hesselden and Nina Hesselden, his wife, the lessees herein do not pay the same."

and the following:

"And it is expressly understood and agreed between the parties aforesaid, that if the rent above reserved, or any part thereof, shall be behind or unpaid on the day of payment * * * it shall and may be lawful for lessor, * * * to * * * distrain for any rent that may be due thereon upon any property belonging to the said lessee * * *; meaning and intending hereby to recognize in the said lessor * * * a valid and first lien as provided in the laws of New Mexico, upon any and all goods, chattels and other property belonging to the said lessee and located in said premises * * *"

G. Wallace Hesselden and wife, the lessees responsible for the rent having defaulted in its payment, and the Alvords also liable therefor not having paid it, are the landlords guilty of converting the property to their own use when they take possession and sell it asserting a landlord's lien? There is no question that the provisions of §§ 61-3-11 and 61-3-12, N.M.S.A.1953, covering enforcement of liens were complied with.

§ 61-3-4, N.M.S.A.1953, reads as follows:

"Landlords shall have a lien *on the property of their tenants* which remains in the house rented, for the rent due, or to become due by the terms of any

lease or other agreement in writing, and said property may not be removed from said house without the consent of the landlord, until the rent is paid or secured." (Emphasis ours.)

Can the landlord reach the personal property in question under the provisions of this section or of the lease quoted above? The court below thought not. We think otherwise and so hold.

Defendants predicate error upon seven so-called points relied on for reversal. The first of these is to the effect that the defendants' right under their landlord's lien was prior, superior and paramount to any claim of plaintiff, and under this point defendants argue various theories which they claim support their position, among them being that plaintiff was a partner, or an undisclosed principal or because of other rather uncertain and indefinite legal theories was responsible for the rent. Defendants also argue that plaintiff was guilty of laches, or was estopped, or was a surety or guarantor only and so cannot assert a claim to the property, and further that in entering judgment the court applied the wrong measure of damages.

Appellee's position on appellants' first point is to the effect that title not being in lessees, but in the vendors under the contract, the vendors' interest could not be reached, and at the same time the vendee's interest could not be reached. He relies upon the old case of Maxwell v. Tufts, 8 N.M. 396, 45 P. 979, 980, 33 L.R.A. 854. This case does not support the proposition for which it is cited. There is language in that case to the effect that the property is not subject to the lien for rent owed by the conditional vendee—however, this is dictum in the case as witness the statement by the court that, "These matters, however, are only mentioned by way of illustration and do not enter into the decision of this case." In addition, it should be noted that the issue there being discussed was between parties situated differently from those in the instant case. Appellee also relies on the case of Allison v. Niehaus, 44 N.M. 342, 102 P.2d 659. However, this case only explains the holding in Maxwell v. Tufts, supra, and points out later changes made in the law. In Beebe v. Fouse, 27 N.M. 194, 199 P. 364, 365, the court says, "Property which is held by the tenant under a conditional sale contract, where title has not passed, is not the property of the tenant within the meaning of the statute, and the landlord's lien would not extend to any such goods." That this may be a correct statement of law in a controversy between the conditional vendor and the landlord we do not doubt. See note in 9 A.L.R. 300, at page 322, and in 96 A. L.R. 249, at page 262.

Plaintiff admits that upon foreclosure of the landlord's lien defendant could reach the interest of the Alvords by reason of

the lease provision quoted above, but argues that "creditors" of the vendor, after delivery of possession to the vendee, have no right to take property from the vendee's possession while he is not in default on his contract, citing 2 Williston on Sales 270, § 326, and points to the trial court's finding that plaintiff was not in default "on any installment of the sales contract."

It seems to us that plaintiff overlooks the fact that he agreed in the conditional sales contract that the vendors could immediately retake possession "in the event of default in the payment of any installment of rent due under the lease agreement covering the premises," and accordingly when the rent was not paid as it accrued this was a default under the contract, and the rule quoted from Williston, supra, does not apply. Likewise, the finding of the trial court that he was not in default "on any installment of the sales contract" does not negative a conclusion that failure to pay the rent was a default under the contract. Clearly it was such a default.

Defendants in their reply brief disavow any intention to base their claim on the fact they were creditors of the vendors under the lease agreement. They merely reassert their position that under facts here present they could reach the property in possession of the vendees and located on the premises. They cite no authority to. support their position. However, on the other side of the argument, defendants deny that this result follows while at the same time citing no authorities which we consider persuasive in support of their position.

The vendors here are responsible for the rent, and if not technically in the same position as tenants, at least having accepted the terms of the lease they have clearly evidenced an intention to subordinate any interest which they might have in the property to the lien rights of the landlord. So far as the vendors were concerned, the property could be considered property of the tenant under § 61-3-4, N.M.S.A.1953,. and plaintiff has no cause to complain. Compare Goggins v. Dexter Gin Co., 46 N.. M. 440, 130 P.2d .1029; Farmers' Cotton Finance Corp. v. Cotton Finance & Trading Corp., 37 N.M. 101, 18 P.2d 1027; Snipes v. Dexter Gin Co., 45 N.M. 475, 116 P.2d 1019; note in 45 A.L.R. 949.

We arrive at our conclusion not on any theory that defendants were creditors of the vendors, but rather by applying logic and reason to the situation present by virtue of the acceptance by the vendors of the terms of the lease including the provision hereinbefore quoted which stated that " * * * a valid and first lien as provided in the laws of New Mexico, upon any and' all goods, chattels and other property belonging to said lessee and located in said premises as security for the payment of said rent * * *" was recognized.

Why plaintiff here should be permitted to prevail because of some claimed right in the vendor is not apparent to us. He sat back and did not pay either the rent for which he was not obligated, but for which the vendors were, or the installment payments which he had agreed to pay, and when the property is lost because of nonpayment of rent would first defeat his obligation as a vendee under the conditional sales contract, and having failed in this effort, would pass the loss on to the landlords under a claim that he was not a tenant and the landlords had converted to their own use property to which plaintiff was entitled. The same default in payment of rent gave the vendors the right to immediate possession of the property by the terms of the contract signed by plaintiff, and at the same time gave defendants a right to enforce their statutory lien. By doing so they incurred no liability to plaintiff. Plaintiff should not be heard to complain when he neither offered to pay the rent to cover his default under the contract nor the installments claimed by the vendor.

In view of our disposition of the first point, any discussion of the additional points advanced by defendant becomes unnecessary.

The cause is reversed and remanded with instructions to reinstate the same on the docket and enter an order of dismissal at plaintiff's cost.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

COMPTON, C. J., dissenting.

NOBLE, J., not participating.

COMPTON, Chief Justice (dissenting).

Firmly believing that the majority has reached an illogical, unreasonable, and erroneous result, I respectfully dissent.