## CHARLES V. LOOK vs. JOHN P. NORTON.

### Somerset.    Opinion January 29, 1901.

*Exceptions.    Crops.    Possession.    Contract for purchase of land.*

Although an instruction to the jury may be erroneous, it does not follow that exceptions thereto should be sustained. It must also appear that the excepting party was prejudiced by the instruction complained of. A plaintiff is not prejudiced by an erroneous instruction, if the action cannot be maintained, independently of the instruction complained of.

A person in possession of real estate by the permission of the owner, and under a contract of purchase, is entitled to the crops gathered by him while his possession is allowed to continue. The relations of the land owner and the person in possession by his permission, under a contract of purchase, are analogous, so far as the ownership of the crops is concerned, to those of landlord and tenant, or mortgagor in possession and mortgagee.

Such land owner cannot maintain trover for the conversion of crops by the person in possession, if severed by him while his possession is allowed to continue.

*Held;* that in this case, the plaintiff did not retake possession of the farm until after the crops sued for had been gathered and taken away by the defendant under the permission received by him from the person who was in possession under a contract to purchase, and that a jury would not be justified in finding otherwise.

ON EXCEPTIONS AND MOTION BY PLAINTIFF.

This was an action of trover for the conversion of a quantity of apples and grass, cut by the defendant on the Coughlin farm in New Vineyard in July 1893. The defendant pleaded the general issue. The fee of the farm since November 8th, 1890, had been in the plaintiff, Look, by warranty deed. Look resided in Starks, about eight miles distant from the Coughlin farm. In November, 1890, Look gave one Orcut a bond for a deed of the Coughlin farm.

There was no provision in the bond that Orcut should have possession, but he entered into possession of the farm and lived upon it. The plaintiff claimed that the conditions of the bond had been broken.

April 13, 1893, Orcut let the farm to the defendant Norton by lease not under seal, and in the early part of July, 1893, defendant

cut the grass, and later in the same fall gathered the apples growing upon said farm, for which grass and apples this action was brought.

It was contended in defense that Look consented to Orcut's occupation in the spring of 1891 and was informed of the lease to Norton before the grass was cut and acquiesced in it, and that he was thereby equitably estopped from asserting his title against the defendant.

The court instructed the jury as follows:

"And I say to you, as matter of law, if you find the facts are supported by the evidence as contended for by the defendant, and that there was no negligence on the part of the defendant in not informing himself more fully than he did, under all the circumstances, in relation to the true state of the title, and find that the plaintiff was informed either by Mr. Orcut himself or by his brother-in-law Mr. Kennedy, and he omitted to give any information, to make any objection to Mr. Orcut or to give any information to Mr. Norton as to the true state of the title, and if you find that there was negligence on his part in omitting to do so and that Mr. Norton was misled to his prejudice, the plaintiff would be equitably estopped by his conduct from asserting his claim, at this time, thus to the prejudice of the defendant; and the rights of the parties would be precisely the same as though he had assented to it in advance—it would amount to an acquiescence in it afterwards,—a ratification of it by his conduct, if you find his conduct to be as I have explained.

Mr. Gower. "I understand that Mr. Look would not be under obligation to go over there eight miles to give this information to Mr. Norton?"

The Court. "You will consider whether there is any such obligation resting upon him under those circumstances or not. I do not say to you, as matter of law, that he was not under obligation to. It is a question of fact for you to consider whether he remained silent when he ought to have spoken, or whether there was negligence on his part in omitting to give Mr. Norton information." A verdict was returned for the defendant.

To all which rulings and instructions and refusals to instruct, the defendant was allowed exceptions.

*Geo. W. Gower*, for plaintiff.

The bond was a personal obligation, conveying no interest in the land to Orcut; hence he could convey none to Norton. *Bussey* v. *Page*, 14 Maine, 132; *Shaw* v. *Wise*, 10 Maine, 113; *Newhall* v. *U. M. Fire Ins. Co.*, 52 Maine, 180; *Cook* v. *Walker*, 70 Maine, 232; *Bailey* v. *Myrick*, 50 Maine, 171; *Niles* v. *Phinney*, 90 Maine, 124.

Estoppel: Pom. Eq. Jur. §§ 803–4–5–8–10, and cases; *Martin* v. *Me. Cent. R. R. Co.*, 83 Maine, 100.

*S. J. and L. L. Walton*, for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, JJ.

WISWELL, C. J. We do not think that the instruction of the presiding justice, relative to the doctrine of equitable estoppel, was called for by the facts of the case, or that the necessary elements of such an estoppel existed. But, even if the instruction was on that account erroneous, it does not follow that the exceptions should be sustained. It must also appear that the excepting party, the plaintiff in this case, was prejudiced by the instruction complained of. In this case we do not think that the plaintiff was thereby prejudiced, because, in our opinion, the action was not maintainable, independently of the doctrine of estoppel.

These are the uncontroverted facts: the action is trover for the alleged conversion of the hay and a quantity of apples grown upon a farm, in the summer of 1893, the legal title to which was unquestionably in the plaintiff. He had purchased the farm for and at the request of one Orcut. He gave a bond to Orcut for the sale of the farm to him, and Orcut gave back notes to the plaintiff for the purchase price. The bond contained no provision as to the possession of the farm, but it was understood by both of them that Orcut was to have possession, and shortly after the time of the purchase Orcut went into possession, with the knowledge and consent of the plaintiff, and in accordance with the original understand-

ing between them at the time of the purchase of the farm by the plaintiff.

Orcut paid the first $50 note at or about the time when it became due, and caused the second $50 note, which became due in May, 1893, to be paid at its maturity. In the spring of 1893, Orcut, desiring to go to another part of the state temporarily to find employment at his trade as a stone cutter, let the premises to the defendant for the year. The defendant cut and hauled away the hay and gathered and took away the apples, under this authority derived from Orcut. These acts of the defendant constitute the conversions relied upon by the plaintiff.

Under these circumstances, the plaintiff cannot maintain trover for the conversion of the hay and apples taken by the defendant, by virtue of the letting from Orcut, because the plaintiff did not own these crops. The relations of the plaintiff and Orcut were analogous, so far as the ownership of the crops is concerned, to those of landlord and tenant, or mortgagor in possession and mortgagee. While a person in possession of real estate under a contract of purchase, in some respects and for some purposes, is not a tenant, yet, so far as his ownership of crops severed by him while he remains in possession is concerned, his rights are similar to those of a tenant. In a certain sense he is a tenant at will. *Lapham* v. *Norton*, 71 Maine, 83.

The landlord, or mortgagee out of possession, cannot maintan trespass quare clausum for any mere injury to the possession, because such an action being for an injury to the possession must be brought by the person whose possession has been injured. *Lawry* v. *Lawry*, 88 Maine, 482; *Hewes* v. *Bickford*, 49 Maine, 71. It is, of course, otherwise when the injury is to the realty itself. *Leavitt* v *Eastman*, 77 Maine, 117.

No more can such landlord or mortgagee maintain trover for the conversion of crops taken by the tenant or mortgagor in possession, because such crops belong to the tenant, or mortgagor in possession, if severed by him while his possession is allowed to continue. The same principle necessarily applies between the owner and one who is in possession by permission of the owner under a contract to

purchase.    In this case the possession of the defendant was that of Orcut.

It is true, that the plaintiff claims to have taken possession of the farm in the fall of 1892, and again in the spring of 1893. But we do not think that his contention, in this respect, is supported by the evidence, or that a jury would be justified in so finding.    It would not be profitable in this opinion to discuss the evidence in this respect.

It is sufficient to say that, after a careful examination of all the evidence, we are satisfied that the plaintiff did not retake possession of this farm until after the crops sued for had been gathered and taken away by the defendant under the permission received by him from Orcut.

*Exceptions overruled.*