[No. 3688.  Decided August 30, 1901.]

CHARLES S. CLARKE, *Appellant,* v. JOSEPH CLYDE, SR., *et al., Respondents.*

REPLEVIN — NOT MAINTAINABLE AGAINST ONE IN ADVERSE POSSESSION WHO SEVERS LOGS FROM REALTY.

The owner of lands, who is not in possession thereof, cannot maintain replevin for the recovery of saw logs severed from the land by one in adverse possession thereof under claim of right.

Appeal from Superior Court, Chehalis County.—Hon.
CHARLES W. HODGDON, Judge.   Affirmed.

*Hogan & Abel,* for appellant.

*J. C. Cross,* for respondents.

PER CURIAM.—The appellant brought this action to re-
cover from the respondents certain saw logs, alleging in
his complaint that he was the owner and entitled to the
immediate possession of the same.   The answer, so far
as it is necessary to be considered, was a general denial
of the allegations of ownership and right of possession
in the appellant.   The trial developed the following facts:
In June, 1890, the respondent, Joseph Clyde, Sr., ac-
quired title from the United States to the lands upon
which the logs in controversy were grown.   After the is-
suance of the patent, Clyde and his wife executed two
mortgages upon the lands to secure certain indebtedness
owing by them; the first in 1891, and the second in 1893.
In 1895 these mortgages came into the possession of the
receivers of the Aberdeen Bank, and during the same
year were by them foreclosed in separate actions, the de-
crees of foreclosure being entered on the same day, name-
ly, August 9, 1895.   An order of sale was issued on one
of these decrees, and the land sold thereunder to the re-
ceivers on the 16th day of September, 1895.   On the 18th
of September the receivers entered into a contract with
the mortgagors, in which it was agreed that the mort-
gagors should cut and sell from off the mortgaged lands
sufficient logs to satisfy and discharge the mortgage in-
debtedness.   The mortgagors entered at once upon the
performance of the contract, and while engaged thereon
the interests of the receivers in the property were trans-
ferred and conveyed to the appellant, Clarke.   Clarke
thereupon brought an action upon the contract, alleging

non-performance on the part of the Clydes. This action was prosecuted to judgment, in which the amount due from the Clydes to Clarke was determined, and certain moneys earned under the contract were directed to be collected, and certain undisposed of property was ordered sold, and the several amounts were directed to be applied, when received, upon the amount so found to be due. Thereafter various sums of money were collected and applied on the judgment, leaving a balance, however, unprovided for. This balance the Clydes tendered to the sheriff upon an application to redeem the lands from the mortgage sale. The sheriff refused to issue a certificate of redemption, whereupon a suit to redeem was begun by the Clydes, which appears to have been pending at the time of the trial of this action. The logs in controversy were severed and removed from the lands by the Clydes after the attempted redemption was made. At that time the respondents were in the sole and undisturbed possession of the lands, claiming the same adversely to all the world. It appears further that neither the receivers of the Aberdeen Bank nor their successor in interest, the appellant herein, ever had possession, or ever undertook to take possession, of the lands from which the logs were taken. The jury returned a verdict for the respondent, upon which the judgment appealed from was entered.

In *Churchill v. Ackerman,* 22 Wash. 227 (60 Pac. 406), this court held that the owner of land out of possession could not recover in replevin or conversion for crops grown upon such land from one in possession holding adversely to the true owner; that he must first recover possession of the land, when he might maintain his action for mesne profits and for waste, but that crops and other products of the soil, when severed therefrom, became chattels, and the property of the person in possession. Quot-

ing from the case of *Brothers v. Hurdle,* 10 Ired. 490 (51 Am. Dec. 400), it was said:

"But when one who is in the adverse possession gathers a crop in the course of husbandry, or severs a tree or other thing from the land, the thing severed becomes a chattel, but it does not become the property of the owner of the land; for his title is divested—he is out of possession, and has no right to the immediate possession of the thing, nor could he bring any action until he regains possession. . . . The owner of the land cannot sue for the thing severed in trover or detinue as a chattel; for it is not his chattel—it did not become so at the time it was severed, and the title to it as a chattel cannot pass to him afterward, when he regains the possession, by force of the *jus postliminii.*"

The principle of this case is decisive of the one before us. The appellant was out of possession of the land at the time the logs were severed and removed. The respondents were in possession, holding the lands adversely to him under a claim of right. The appellant cannot, therefore, maintain an action against them for the recovery of the logs removed, or for their value; and, as but one judgment could be entered upon the undisputed facts of the case, it is unnecessary to discuss the many errors the appellant has assigned for reversal.

Affirmed.