[No. 7551.   Decided February 1, 1909.]

T. N. LYNCH *et al.*, *Respondents*, v. SPRAGUE ROLLER MILLS, *Appellant.*[1]

CROPS—OWNERSHIP—POSSESSION. The occupier of land is the owner of all crops harvested during his term of occupancy.

CROPS—VENDOR AND PURCHASER—CONTRACTS—TITLE TO CROPS—CONSTRUCTION. A contract for the sale of land, providing that the principal and interest to become due on the purchase price shall be paid out of the proceeds of the sale of wheat to be raised by the vendees, and that the parties should mutually agree upon the warehouse in which the wheat was to be stored and the time when it was to be sold, does not vest in the vendors any right or title in or to the wheat, the rule of construction for contracts between landlord and tenant applying.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered February 3, 1908, in favor of the plaintiffs by direction of the court, upon discharging the jury, in an action on contract. Reversed.

*Wakefield & Witherspoon* and *H. M. Stephens*, for appellant.

*Samuel R. Stern*, for respondents.

RUDKIN, C. J.—On the 1st day of October, 1904, the plaintiffs, as parties of the first part, entered into a contract

[1]Reported in 99 Pac. 578.

whereby they agreed to sell and convey to George H. Bris-
lawn and John A. Walker, as parties of the second part, 720
acres of agricultural land, in Whitman county, for the con-
sideration of $22,000.   The only portions of the contract
material to the present inquiry are the following:

"And the said party of the second part agrees to pay the
said sum of Twenty-two thousand dollars gold coin of the
United States of America, as follows, to wit:   Sixteen hun-
dred dollars at or before the execution and delivery of these
presents, the receipt whereof is hereby acknowledged, and the
balance of said sum, to wit, Twenty thousand and four hun-
dred dollars, together with interest thereon until fully paid
at the rate of seven per cent per annum, upon the whole sum
from time to time remaining unpaid, to be paid in the man-
ner following, that is to say:   Out of the whole wheat crop
raised on said premises at end of each of the harvest seasons
of 1905, 1906 and 1907, the interest due on unpaid balance
of said principal sum, at the several times of selling said
crops, is to be first paid out of the proceeds of the said crops,
and one-half of the remainder is to be applied on payment
of the said balance of the principal sum to the said party of
the first part, and, for the remainder of the seasons com-
mencing with 1908, and at the close of each harvest season
during the existence of this agreement, and until the whole
of the said principal sum and interest herein specified shall
have been fully paid, one-half of the whole proceeds from
wheat crops raised on said premises shall be applied towards
the payment of the principal sum and the said party of the
second part shall pay the interest at those times due on
balance of principal then unpaid, out of the other one-half
of each said crops;

"And the said parties of the second part agree that during
the existence of this agreement they will, each year, seed to
wheat not less than three hundred acres of the said land, and
as much more than that as would be consistent with good
farming, and will sow nothing but clean seed, and keep the
said land and premises free from any and all noxious weeds,
cure and care for all wheat so grown on said premises when
ripe and in good and proper season, thresh the same as soon
thereafter as possible, protect the grain after threshing and
before delivery at the warehouse (at some station to be de-

cided upon between the said parties) by effectual covering, and that not more than thirty acres of the said land shall be used, each year, by the said party of the second part, for raising any kind of crops other than the wheat crops to be raised hereunder."

Also:

"It is further agreed by and between the said parties that the crops raised upon the said premises under this agreement shall be sold at such time or times as the said parties may, between themselves, decide to be the most advantageous and for their best, mutual, interests."

Brislawn and Walker entered into possession of the premises under their contract of purchase, and raised a crop of wheat during the season of 1905, which was stored in a warehouse owned by the defendant company. The defendant made advances on the wheat from time to time to the amount of $2,844 in all, and later purchased the wheat from Brislawn and Walker and paid them the balance due on the purchase price, after deducting the amount of the advances. This action was thereafter instituted by the plaintiffs to recover from the defendant damages in the sum of $1,860 for the conversion of their one-half of the wheat thus stored. At the close of the testimony, the plaintiffs moved the court to discharge the jury and direct a judgment in their favor. The defendant interposed a like motion. The plaintiffs' motion was granted and that of the defendant denied; and from the judgment thus rendered, the defendant has appealed.

Both parties concede that the court committed no error in withdrawing the case from the consideration of the jury, as there was no question of fact for the jury to pass upon, so that we will proceed at once to a consideration of the legal questions involved. The right of the respondents to maintain the action depends entirely upon the construction of the written contract between the parties. If under that contract they had no title to or interest in the wheat crop, the judgment directed by the court in their favor is erroneous, and must be reversed.

It is an elementary rule of law that the occupier of land is the owner of all crops harvested during the term of his occupancy, whether the occupant be a purchaser in possession, a tenant in possession, or a mere trespasser in possession holding adversely. *Churchill v. Ackerman*, 22 Wash. 227, 60 Pac. 406; *Clarke v. Clyde*, 25 Wash. 661, 66 Pac. 46; 24 Cyc. 1469. It follows, therefore, that any claim or interest the respondents may have had in the crop in controversy arose out of the contract of sale, the material parts of·which we have already set forth. That contract simply provided that the principal and interest to become due on the purchase price of the land should be paid out of the proceeds of the sale of the crops, and that the respondents and the purchasers of the land should jointly designate the warehouse or station where the wheat should be stored, and the time when the wheat should be sold. These provisions, in our opinion, fall far short of vesting in the respondents any right or title in the crops. There may be no direct analogy between the relation of landlord and vendor, but, independent of statute, the rights of either in crops grown on the land which is the subject of the sale or lease are dependent on contract, and the construction which courts have uniformly placed on contracts between landlord and tenant is a safe rule to follow in construing similar contracts between vendor and purchaser. The general rule on this subject as between landlord and tenant is thus stated:

"The title to the crops raised by one man on another man's farm depends largely if not entirely upon the contract between the two men. If the contract amounts to a lease or demise of the land by the owner to the occupier, then clearly the crops belong to the occupier whether he pays rent in money, or in kind by a share of the crops. The occupier in such case becomes the owner *pro hac vice*, and has title to the products of the farm until division." 24 Cyc. 1469.

See, also, *Williams v. Smith*, 7 Ind. 559; *Lacy v. Weaver*, 49 Ind. 373, 19 Am. Rep. 683; *Chicago & West Mich. R. Co. v. Linard*, 94 Ind. 319, 48 Am. Rep. 155; *Clarke v. Cobb*,

121 Cal. 595, 54 Pac. 74; *Dixon v. Niccolls*, 39 Ill. 372, 89 Am. Dec. 312. See, also, *Moen v. Lillestal*, 5 N. D. 327, 65 N. W. 694, where a very similar contract was construed and held not to confer any right in the crops upon the vendor. But cases might be multiplied holding that contracts far more favorable to the contention of the landowner than is the contract in suit were insufficient to vest in such landowner any title or interest in crops garnered by another.

The judgment is reversed with directions to dismiss the action.

FULLERTON, MOUNT, DUNBAR, and CROW, JJ., concur.

CHADWICK and GOSE, JJ., took no part.