F. F. PROCTOR TROY PROPERTIES COMPANY, INC., Respondent, *v.* THE DUGAN STORE, INC., Appellant, Impleaded with ERNEST M. HICKS, Defendant.

Third Department, May 5, 1920.

**Landlord and tenant — suit to restrain tenant from violating subletting clause — complaint — validity of lease containing clause limiting character of occupation, prohibiting subletting without consent and permitting landlord to invoke particular remedy — necessity for allegation of transfer of lease in action thereon by grantee of premises — Real Property Law, sections 223, 248 — parties plaintiff.**

The complaint in a suit by a landlord for an injunction restraining the tenant from subletting a part of the premises in violation of the lease and restraining the sublessee from occupying said premises examined, and *held*, to state a cause of action.

The lease between the plaintiff's assignor and the defendant lessee was not void as against public policy because of the provisions that the character of the tenant and of its occupation as a place of business for hatters and furriers should not be changed without the consent of the landlord, that said premises should not be sublet without the written consent of the landlord, and that in the event of a breach of any covenant the landlord should have and be entitled to resort to the remedy by injunction.

In an action by the owner of premises on a lease executed by a former owner to restrain the tenant from subletting, it is not essential to allege that the lease was transferred to the plaintiff, but an allegation of the transfer of the premises is sufficient, as section 223 of the Real Property Law gives to the plaintiff all the rights which his grantor had in the premises and in the lease.

Section 248 of the Real Property Law, intended to protect tenants who have paid rent to a grantor of leased property without notice of such conveyance, is not applicable.

There is no defect of parties plaintiff in an action brought by the grantee of premises to restrain a tenant from violating the covenants of the lease in regard to subletting where the lease which was not specifically transferred to the plaintiff provided that the word " landlord " should include " legal representatives, executors, agents, successors and assigns."

APPEAL by the defendant, The Dugan Store, Inc., from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Rensselaer on the 26th day of September, 1919, overruling its demurrer to the complaint.

*John F. Murray* and *William H. Murray* [*William H. Murray* of counsel], for the appellant.

*Murphy, Aldrich & Guy* [*Thomas H. Guy* of counsel], for the respondent.

KILEY, J.:

On the 27th day of November, 1916, one F. F. Proctor leased by an instrument in writing to The Dugan Store, Inc., " the basement, entire store floor and second story of the building situated at Nos. 84–90 Fourth street, in the city of Troy, N. Y., and known as Proctor Building." The lease specifically provides that the expression " landlord," wherever used in the lease, shall include " legal representatives, executors, agents, successors and assigns." On the 27th day of November, 1917, F. F. Proctor sold and transferred said premises to the plaintiff, F. F. Proctor

Troy Properties Company, Incorporated. Defendant was in possession of the premises under its lease with Proctor at that time. In December, 1918, the defendant The Dugan Store, Inc., sublet to the defendant Hicks the second floor of said premises to use as a billiard and poolroom. It was specifically provided in said lease that the understanding and agreement between the parties was that the character of the tenant and of its occupation, and the covenants on the part of the tenant that such character, both of the tenant and of its occupation, shall neither of them be changed without the written consent of the landlord, were a special consideration and inducement for the making of the lease. It further was provided in said lease that the premises should be used " for the conduct of the business of hatters and furriers and for no other purpose;" that neither said premises nor any part thereof should be let or sublet without written consent of the landlord indorsed on said lease. It was further provided that in the event of a breach of any of the covenants in said lease, the landlord should have and be entitled to resort to remedy by injunction; and that for such breach the landlord might forfeit such lease. The plaintiff brought this action for an injunction restraining the appellant from subletting to the defendant Hicks and to enjoin Hicks from occupying and so using said premises. The defendant The Dugan Store, Inc., demurred to the complaint upon three grounds: *First.* That the complaint does not state facts sufficient to constitute a cause of action. *Second.* That the plaintiff has not legal capacity to sue. *Third.* That there is a defect in the parties plaintiff.

By this demurrer the appellant admits all of the allegations of the complaint to be true. At Special Term the demurrer was overruled and the defendant The Dugan Store, Inc., appealed to this court from such judgment. The plaintiff alleges and the appellant admits by its demurrer that plaintiff has no adequate remedy in an action at law. The appellant by demurring further admits that it has violated the terms of its covenant in its lease with Proctor, and continues to defy the landlord in such violation. The complaint states a cause of action. The principle of " public policy " invoked here is of variable quality; it may be applied either to license or

restriction; it is somewhat vague; but it may be said generally to apply to contracts which attempt to contravene a statute or a well-grounded principle of the common law; or its operation must have a tendency injurious to and against public good; and it must conflict with the morals of the time or contravene some well-established interest of society. The authorities now seem to agree that a contract is not void as against public policy unless it runs counter to the above rules. It will hardly be successfully contended that one of the parties to a contract may not, for a valuable consideration, limit rights he might otherwise have enjoyed under said contract. One of the considerations for this lease was the limitations which the appellant submitted itself to therein. The contract is not against public policy. Appellant contends that, while it admits the transfer of the premises to the plaintiff, the complaint does not allege a transfer of the lease; that construction is too restricted for practicable use in these modern times. No authorities are cited us by appellant upholding its contention in this regard, except section 248 of the Real Property Law; that section is intended to protect tenants who have paid rent to a grantor of leased property without notice of such conveyance. This is not an action for rent; the section does not apply. Section 223 of the Real Property Law gives this plaintiff all of the rights which its grantor had in the premises and in the lease. The word " premises " is an elastic and inclusive term when used with reference to conveyances; in common parlance it is used to signify lands with its appurtenances. (*New Jersey Zinc Co.* v. *Franklinite Co.*, 13 N. J. Eq. 322.) Premises includes land and everything appurtenant thereto. (*Winlock* v. *State*, 121 Ind. 531; 6 Words & Phrases [1st series], 5511.) In Words and Phrases (Vol. 3 [2d series], 1144, citing *Merchants Building Imp. Co.* v. *Chicago Exchange Bldg. Co.*, 210 Ill. 26; 71 N. E. Rep. 22; 102 Am. St. Rep. 145) is indicated a reasonable rule of procedure in circumstances like the present. " The term 'premises' may or may not include land, but may be held to mean only the right, title, or interest conveyed; and its exact meaning, when found in contracts and conveyances, must be determined according to the intention of the parties as ascertained from the contract and the facts and circumstances attending its making," viz., the

defense to be taken advantage of by answer, and trial of the issues to follow. The plaintiff could have transferred the lease by delivery and could have enforced compliance with its terms by any of the provisional remedies applicable to the relation of landlord and tenant. In the lease under consideration the tenant, for a good and valuable consideration, gave the landlord, his heirs and assigns, etc., the right to make any remedy applicable to redress for violated covenants that he or it might choose to invoke; where several remedies exist in the law for the enforcement of a right or the redress or restraint of a wrong, a party interested, for a good consideration, may agree that either of them may be applied. That there is no defect of parties plaintiff follows from the foregoing.

The judgment of the Special Term should be affirmed, with costs, and the appellant have twenty days after judgment and notice of entry to serve its answer.

Order unanimously affirmed, with costs, with leave to the appellant to answer within twenty days on payment of such costs.