[No. 25863. Department Two. December 9, 1935.]

PACIFIC FRUIT & PRODUCE COMPANY, *Appellant*, v. FRUIT
PRODUCTION COMPANY, *Respondent*.[1]

*Adams & Driver*, for appellant.

*Sam R. Sumner* and *Harvey F. Davis*, for respondent.

BLAKE, J.—This is an action in conversion, brought to recover the value of a crop of fruit grown on certain land in Chelan county in the year 1933. The land was at all times in the possession of Richard Stanfield and Edgar Dodge, who harvested the crop and sold it to the defendant.

Plaintiff's claim is predicated on a chattel mortgage, executed May 17, 1933, by Roy W. Harrison, who, as agent and trustee for plaintiff herein, acquired title to the property from Lake Chelan Reclamation District under a deed dated May 23, 1933. Neither Harrison nor Lake Chelan Reclamation District nor plaintiff

[1]Reported in 52 P. (2d) 311.

were in possession of the property at any time before the crop was severed. From judgment dismissing the action, plaintiff appeals.

The rule is well settled that the owner of land has no right or title to crops raised on his land by one not in privity with him, and severed while he is still out of possession. *Churchill v. Ackerman,* 22 Wash. 227, 60 Pac. 406. After severance, the owner can maintain neither an action in replevin nor for conversion. *Clarke v. Clyde,* 25 Wash. 661, 66 Pac. 46. And it is immaterial whether the owner of the land is rightfully or wrongfully dispossessed. Crops grown and severed by the dispossessor belong to him. *Clarke v. Clyde, supra; Lynch v. Sprague Roller Mills,* 51 Wash. 535, 99 Pac. 578; *Fuglede v. Wenatchee Dist. Co-op. Ass'n,* 134 Wash. 350, 235 Pac. 790, 39 A. L. R. 953.

Appellant concedes the rule, but contends that the chattel mortgage from Harrison endowed it with rights superior to the rights of Harrison himself. No authority is cited in support of this contention, nor do we think the contention can be sustained in reason. It is elementary that the title of an assignee can rise no higher than its source. Nor can a mortgagee, through foreclosure, acquire a title superior to that of his mortgagor. 42 C. J. 284; Jones' Chattel Mortgages and Conditional Sales (Bowers Ed.), § 819a.

When Stanfield and Dodge severed the crop, Harrison lost whatever right he may have had to it. He could not maintain an action, either in replevin or conversion. We know of no legal principle under which he could confer on appellant a greater right than he himself had. The chattel mortgage executed by him could not extend beyond his own rights in the crop. *Third Nat. Bank v. Kniffen,* 143 Wash. 434, 255 Pac. 378; *Farmers' State Bank v. Chick,* 143 Wash. 614, 255 Pac.

915; *Community State Bank v. Martin,* 144 Wash. 483, 258 Pac. 498.

Judgment affirmed.

TOLMAN, BEALS, HOLCOMB, and MAIN, JJ., concur.