**116 P.2d 1019**

**SNIPES v. DEXTER GIN CO. et al.**

No. 4595.

Supreme Court of New Mexico.

Aug. 13, 1941.

Lake J. Frazier, of Roswell, for appellant.

Atwood & Malone, of Roswell, for appellee.

BRICE, Chief Justice.

The action: To recover the equivalent of the proceeds of a government subsidy check and sixteen bales of cotton. The question: Which of two claimants had the superior right to the property mentioned? The facts:

The appellant contracted in writing to sell and convey to one Gentry certain real estate in consideration of a cash payment of $3,000, the assumption of an existing mortgage note due the United States of $3,500 secured by the property sold, balance in fifteen annual payments of $1,500 each represented by fifteen promissory notes due one each year during fifteen years. The contract provided: "Said second party (Gentry) further agrees to pay each of the above notes, taxes, insurance and payments to Government, out of the proceeds of said farm, as they fall due, before any of said proceeds are used for any other obligations." The deed was placed in escrow to be delivered to Gentry upon his making all deferred payments.

Gentry entered into possession of the real estate. The appellee corporation (hereinafter called appellee) at all times material, had full knowledge of the terms of the Gentry contract and of appellant's claims thereunder. With this knowledge, appellee took a chattel mortgage from Gentry, securing a note of $3,000 "on crops planted and to be planted year 1939 on the Snipes 240 acres, located, etc," being the land sold by appellant to Gentry. The appellee also took an assignment of the government subsidy apportioned to said land, which it collected and applied to the debts owing it by Gentry.

The appellant claims that she was entitled to the proceeds of the government check and the proceeds of the crops grown on said land (including those of the sixteen bales of cotton received and sold by

appellee), by virtue of her contract to sell and convey the real estate in question, which has been quoted herein; and the appellee claims by virtue of the assignment to it of the government check and its chattel mortgage on the crops.

Gentry was not made a party to the action. The case was presented to and tried by the court, and is presented here, upon the theory that the party whose contract confers the superior right should prevail, and we will so treat it.

■ The conditional contract to convey the real estate, under which Gentry went into possession of the property, vested in him the beneficial and equitable title thereto (Rives v. James, Tex.Civ.App., 3 S. W.2d 932; Loudon v. Cooper, 3 Wash.2d 229, 100 P.2d 42; Scott v. California Farming Co., 4 Cal.App.2d 232, 40 P.2d 850; Moen v. Lillestal, 5 N.D. 327, 65 N.W. 694; Connally v. Hall, 84 Ga. 198, 10 S.E. 738; Sewell v. Underhill, 197 N.Y. 168, 90 N.E. 430, 27 L.R.A.,N.S., 233 and Anno., 134 Am.St.Rep. 863, 18 Ann. Cas. 795), and as the equitable owner of the land, he is likewise the owner of the crops growing, or to be grown, thereon (Look v. Norton, 94 Me. 547, 48 A. 117; Killebrew v. Hines, 104 N.C. 182, 10 S.E. 159, 251, 17 Am.St.Rep. 672; Connally v. Hall, supra; Moen v. Lillestal, supra), unless title to the crops is reserved to the vendor or transferred to him or another. Lynch v. Sprague Roller Mills, 51 Wash. 535, 99 P. 578; Moen v. Lillestal, supra; Cahill v. McCowan, 130 Wash. 407, 227

P. 502; Bentler v. Brynjolfson, 38 N.D. 401, 165 N.W. 553; Yakoobian v. Johnson, 102 Cal.App. 10, 282 P. 522; Federal Land Bank v. McCloud, 52 Idaho 694, 20 P.2d 201; Loudon v. Cooper, supra; Scott v. California Farming Co. supra; Killebrew v. Hines, supra; Union Farm Land Co. v. Isaacs, 106 Wash. 168, 179 P. 84; Breher v. Hase, 54 N.D. 87, 208 N.W. 974,

■ The provision in the contract in question reserved no lien on crops growing, or to be grown, upon the land, nor any right, title or interest therein; nor was it an equitable assignment of the "proceeds of said farm." It was an agreement to pay certain debts due appellant and others, out of the proceeds to be derived from the sale of farm products owned, or to be owned, by Gentry, and nothing else.

■ On the question of the legal effect of such an agreement, we said in Kahnt v. Jones, McKeen Merc. Co., 32 N.M. 537, 260 P. 673, 674: "A mere promise to pay out of a particular fund does not amount to an equitable assignment or create an equitable lien. There must be also an appropriation of the fund, placing it beyond the control of the promisor, and conferring a complete and present right in the promisee, and such that the fund holder may not only safely pay, but may be compelled to pay, though forbidden by the promisor. Smedley v. Speckman [3 Cir.] 157 F. 815. This is the rule even in cases where 'the fund was created through the efforts and outlays of the party claiming

the lien.' See the following texts and the authorities they cite: 37 C.J. 'Liens,' § 21; 3 Pomeroy's Equity Jurisprudence (4th Ed.) §§ 1280, 1282; Jones on Liens, §§ 48–52. Upon these principles and authorities, invoked by appellant, we find nothing to cast doubt. From them it seems clear that the court erred in establishing liens in favor of the interveners." Also see Kuppenheimer & Co. v. Mornin, 8 Cir., 78 F.2d 261, 101 A.L.R. 75, and notes on page 81 et seq., where the authorities are collated.

The appellant argues that the relation of appellant and Gentry was in effect that of landlord and tenant and that she was protected by the landlord's lien statute, Comp.St.1929, § 82-101 et seq., and cites Lynch v. Sprague Roller Mills, supra, and other cases in support of the point. The Lynch case does not support appellant's contention. The Washington court stated [51 Wash. 535, 99 P. 579]: "There may be no direct analogy between the relation of landlord and vendor, but, independent of statute, the rights of either in crops grown on the land which is the subject of the sale or lease are dependent on contract, and the construction which courts have uniformly placed on contracts between landlord and tenant is a safe rule to follow in construing similar contracts between vendor and purchaser. The general rule on this subject as between landlord and tenant is thus stated: 'The title to the crops raised by one man on another man's farm depends largely, if not entirely, upon the contract between the two men. If the contract amounts to a lease or demise of the land by the owner to the occupier, then clearly the crops belong to the occupier whether he pays rent in money, or in kind by a share of the crops. The occupier in such case becomes the owner pro hac vice, and has title to the products of the farm until division.' "

We find nothing in this to benefit appellant. It supports our conclusion that Gentry was the owner of the crops and could legally mortgage them to appellee. It has been stated in a number of cases that the relation between vendor and vendee in a contract to convey is analogous to that of landlord and tenant or mortgagor and mortgagee, in regard to crops. Lynch v. Sprague Roller Mills, supra; Moen v. Lillestal, supra; Look v. Norton, supra; First Nat. Bank v. Andreas, 92 Cal.App. 62, 267 P. 937. But in the absence of any contract or statute to the contrary, the vendee, tenant and mortgagor, alike, are the owners, respectively, of the crops grown on demised, rented or mortgaged premises.

The landlord's lien statute has no application to the relation of vendor and vendee; only to that of landlord and tenant.

Appellant's action for conversion must fail, as she had no title or interest in the property; nor in fact, any lien or claim of any character that would support an action against appellee.

The judgment of the district court should be affirmed, and

It is so ordered.

ZINN, SADLER, MABRY, and BICK-LEY, JJ., concur.