CULPEPPER, Judge.
The Construction Laborers Local Union No. 207 and two of its members filed this suit .against the City of Lake Charles, its mayor, James E. Sudduth, and its plumbing inspector, Maurice Nobel Anderson. They seek to enjoin defendants from interfering with plaintiffs’ work of installing and maintaining drainage, sewerage and water supply systems “upon any private property within the jurisdiction of the City of Lake Charles.” The defense is that under the Louisiana State Plumbers Licensing Law, LSA-R.S. 37:1361 et seq., and the Plumbing Regulation Ordinance of the City of Lake Charles, unlicensed laborers cannot perform plumbing work on any private property. From an adverse judgment, plaintiffs appealed.
In the companion case, entitled “State Plumbing Board v. Construction Laborers Local Union No. 207, et al.”, La.App., 228 So.2d 546, in which a separate opinion is being rendered by us this date, the State Plumbing Board seeks to enjoin the laborers from installing or maintaining drainage, sewerage and water supply systems “upon any private property within the City of Lake Charles and elsewhere in the State of Louisiana.” The district judge granted an injunction but added the provision that such work by laborers is enjoined only when “in violation of LSA-R.S. 37:1361, et seq.” The defendants appealed.
*544 The substantial issue is the construction of that portion of the Louisiana State Plumbers Licensing Law, LSA-R.S. 37 :1377, subd. D, which defines plumbing as the work of installing pipes, etc. “in buildings and on premises.” The City of Lake Charles and the State Plumbing Board contend that “on premises” denotes “within property lines” and that laborers are prohibited by the statute from performing any plumbing work within the boundary lines of the property on which the work is being done. This would mean that laborers are confined to working in public streets or public easements. On the other hand, the laborers contend that “in buildings and on premises” does not mean “within property lines” but denotes work in buildings and outside thereof for a reasonable distance to a point of connection with the larger lines which laborers have traditionally installed.
Ultimately, we have concluded that neither the position of the laborers nor that of the city and the State Plumbing Board is entirely correct. Our construction of LSA-R.S. 37:1377, subd. D, as a whole, is that plumbing work, for which a license is required, is work in buildings and within the boundary lines of the property on which the work is being performed. However, the statute expressly excludes certain types of work, such as manufacturing establishments, community water and sewerage systems, piping for oil and gas, etc. Unlicensed laborers can work within property lines when they fall within one of these exceptions to the statute.
The Louisiana State Plumbers Licensing Act, LSA-R.S. 37:1361 et seq., provides generally for the establishment of the State Plumbing Board, the qualifications and licensing of master plumbers, journeymen plumbers and apprentices, injunctions and penalties to enforce the Act, the cities to which the Act applies, and other matters not particularly at issue here. LSA-R.S. 37:1377, subd. D, then defines “plumbing” as follows:
“Plumbing is the work or business of installing in buildings and on premises the pipes, fixtures and other apparatus for supplying water, or removing liquid waste and/or water-borne waste, and fixtures, vessels and process piping that is in direct contact with products for human consumption. The term is also used to designate the installed fixtures, drainage fixtures and water distribution systems of buildings or premises. For purposes of this Chapter the definition of plumbing given above will not include:
“(1) Water used in manufacturing establishments for processing products that are not for human consumption.
“(2) Drilling of water wells.
“(3) Community water supply distribution system or systems.
“(4) Community sewage collection or treating system or systems.
“(5) Fixtures, vessels or piping used by manufacturing establishments for removal of any waste other than human, vegetable or animal waste.
“(6) All piping used for heating or cooling where it is not directly connected with a potable water supply system.
“(7) All piping used for conveying oil, gas or other hydrocarbons.
“(8) Work done by an individual on his own personal residence.
“Provided, however, anything herein to the contrary notwithstanding, the term plumbing shall not include pipes, fixtures, and other apparatus of any nature whatsoever used in manufacturing plants, or used in the exploration for, production of, or transportation of oil, gas, or other minerals, whether before, during, or after installation. Amended by Acts 1968, No. 298, § 1”
The Plumbing Code of the City of Lake Charles, Ordinance No. 1783 as amended, also defines “plumbing” as work *545 “in buildings and on premises.” The ordinance excludes from this definition “the community water supply distribution system” but apparently does not exclude manufacturing plants, community sewer systems and the other types of work excluded from the State statute. These differences between the State statute and the city ordinance are not urged by the parties as issues in the present litigation.
As stated above, the principal issue is whether the words “on premises” means “within the property lines”. We have no difficulty in concluding that they do. The word “premises” has several meanings not applicable here, such as (1) “the foregoing statements” and (2) “that which precedes.” However, when used with reference to buildings and land, it means the tract of land on which the building is located. This necessarily extends to the boundary lines.[1]
Having concluded that the definition of plumbing extends to any work done within the property lines, it follows that as a general rule only licensed plumbers and apprentices can work within these lines. However, the statute expressly provides certain exceptions where persons other than licensed plumbers and apprentices can work within property lines. For instance, manufacturing establishments and community water and sewage systems are excluded. This means that laborers can work within property lines when performing work of a type excluded from the statute.
This construction is consistent with the purpose and rationale of the statute. The purpose of the Louisiana State Plumbers Licensing Act is to protect the public health and safety. The business of plumbing is so intimately connected with the public health, especially in large centers of population, as to be the proper subject of regulation under the police powers of the State, State v. Malory, 168 La. 742, 123 So. 310. Pursuant to this general purpose of the statute, the rationale for the definition of plumbing and the exceptions thereto, found in LSA-R.S. 37:1377, subd. D, is that only licensed plumbers, subject to regulation by the State, should perform plumbing work for those members of the general public who know nothing about plumbing. The rationale of most of the exceptions to the Act, such as manufacturing establishments, community water and sewerage systems and the oil and gas in- ■ dustry, is that these organizations have their own engineers and other specially trained personnel to perform or supervise the work done for them. Hence they do not need the protection of the State statute.
Under our construction of the statute in question, the laborers are not entitled to the relief which they seek, i. e., an injunction prohibiting the City of Lake Charles, its mayor and plumbing inspector, from interfering with plaintiff’s performance of work of installing and maintaining water and sewerage systems “within or upon any private property within the jurisdiction of the City of Lake Charles.” The injunction sought is too broad. The City and its officials do have the right under the statute and the city ordinance to *546 restrain laborers from working upon private property except when the work being done by the laborers is in connection with community water systems or one of the other exceptions to the statute.
We will next answer several of plaintiffs’ arguments. The laborers contend that traditionally they have installed the large main lines on the premises to a point of first connection with the lines near the buildings. They cite several agreements between plumbers’ unions and laborers’ unions. They quote from decisions of national arbitration boards. Our answer to these contentions is that the issues in the present case are governed by our State statute. It is a question of statutory construction. This is the basis on which we have reached our conclusion. As far as the issue presented here is concerned, the statute is clear and free of ambiguity. There is no need to resort to custom or tradition.
The laborers also argue that the State statute and the Lake Charles city ordinance are unconstitutional because the word “premises” is so indefinite and ambiguous that the statute fails to define with reasonable certainty the acts forbidden. For the reasons stated above, we find the word “premises” is clear and free of ambiguity.
Plaintiffs also contend the statute and the ordinance are unconstitutional because they seek to prohibit laborers from performing work which they have traditionally done to earn a livelihood. These arguments have been fully answered in State v. Malory, supra, which holds that the regulation of the business of plumbing is within the police power of the State.
The Associated General Contractors of the State of Louisiana, Inc. has filed an amicus curiae brief generally supporting the position taken by the laborers. However, this brief makes the additional contention that the Louisiana State Plumbers Licensing Statute is unconstitutional because it fails to provide with sufficient certainty the qualifications for a license. Our answer here is that this issue has not been raised by the parties to the present litigation and is not before us.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Affirmed.

. In Black’s Law Dictionary, DeLuxe Fourth Edition, we find the following definitions of the word “premises”: “In estates. Lands and tenements; an estate; land and buildings thereon; the subject-matter of a conveyance. F. F. Proctor Troy Properties Co. v. Dugan Store, 181 N.Y.S. 786, 191 App.Div. 685. The area of land surrounding a house, and actually or by legal construction forming, one inclosure with it. Ratzell v. State, Okl.Cr.App. [27 Okl.Cr. 340], P. 166, 168. A distinct and definite locality, and may mean a room, shop, building, or other definite area. Robinson v. State, 143 Miss. 247, 108 So. 903, 905, or a distinct portion of real estate. Ruble v. Ruble, Tex.Civ.App., 264 S.W. 1018, 1020.
“The term ‘premises’ is used in common parlance to signify land, with its appurtenances; but its usual and appropriate meaning in a conveyance is the interest or estate demised or granted by the deed. State v. French, 120 Ind. 229, 22 N.E. 108; Cooper v. Robinson, 302 Ill. 181, 134 N.E. 119, 120.”