CULPEPPER, Judge.
This is a companion suit to Construction Laborers Local Union No. 207, et al. v. City of Lake Charles, Louisiana, et al., La.App., 228 So.2d 542, in which a separate opinion is rendered by us this date. In that decision we have construed the words “on premises” in LSA-R.S. 37:1377, subd. D, as denoting the land within the boundary lines of the property on which the plumbing work is being performed. This means that laborers, who are neither licensed plumbers nor apprentices, cannot perform plumbing work within property lines except in the situations which are expressly excluded from the statute.
In the present case the State Plumbing Board prayed for an injunction prohibiting the defendant laborers from performing the described plumbing work “upon any private property within the City of Lake Charles and elsewhere in the State of Louisiana.” The trial judge correctly refused to sign so broad an injunction. For the reasons stated in the companion case, the laborers do have a right to work on private property when they fall within one of the exclusions listed in LSA-R.S. 37:1377, subd. D. For instance, the laborers can work on private property for manufacturing establishments, community water supply systems, community sewerage systems, etc.
The trial judge enjoined defendant laborers from performing the described plumbing work “within property lines in the City of Lake Charles or elsewhere in the State of Louisiana, in violation of LSA-R.S. 37:1361, et seq.” We construe this to mean that the laborers can perform work within property lines so long as they are not in violation of the statute. In other words, the defendant laborers can perform work within property lines when the work falls within one of the exceptions set forth in LSA-R.S. 37:1377, subd. D, since such work is not in violation of the statute. Subject to this construction, we affirm the issuance of the injunction.
For the reasons assigned in the companion case and supplemented above, the judgment appealed is affirmed.
Affirmed.